## JACK EARL KEMP V. STATE

No. 33,868.  November 22, 1961
Rehearing Overruled January 10, 1962

*Mackin, Goldsmith & Burdette,* by *Jack Mackin,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary of a private residence at night; the punishment, five years.

The act charged was amply established by the evidence, and appellant, while testifying in his own behalf, admitted that while acting with one McGuire he had participated in the burglary and the sale of the fruits thereof but claimed that he did so because of his fear of McGuire, who always carried a pistol loaded with live shells upon his person and who by means of serious threats against him and members of his family had coerced him into joining him in the criminal enterprise.

This defense was adequately presented to the jury in the court's charge; they failed to accept it, and we find the evidence sufficient to support the conviction.

During the course of the cross-examination of accused, the prosecutor began to question him concerning what McGuire had told the officers at the time he and appellant made written confessions while in the same room together.  He was first asked if he heard McGuire say, "My name is Eugene McGuire. I live at 1818 Nora Drive, Arlington, Texas.  I am 23 years old and

married and have a child." The court did not err in overruling the objection interposed at this juncture because nothing incriminating against appellant had been elicited. Following this, appellant's counsel said:

"MR. MACKIN: Your Honor, at this time, each and every portion he reads in connection with the interrogation of the defendant, may I have the same objection?

"THE COURT: *You may repeat it or repeat it by reference.* I will overrule your objection."

We have concluded that it is apparent from the court's ruling that he intended for appellant to object to each question thereafter or waive his objection thereto. Thereafter, when the questions were asked which might be considered as incriminating, no objections were interposed, and we must hold that they were waived.

Such holding disposes of appellant's one question presented for review.

Finding no reversible error, the judgment of the trial court is affirmed.